UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

                               Case No. 08-20134
                               HON. GEORGE CARAM STEEH

D-1 RANDALL HUTCHINSON,

       Defendant.
_____/

## OPINION AND ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION FOR A BILL OF PARTICULARS, UNREDACTED DISCOVERY, JENKS MATERIAL, RULE 404(b) MATERIAL, AND BRADY MATERIALS (#15)

Defendant Randell Hutchinson, who served as a member of the Hamtramck Police Department, has been charged by indictment with conspiracy to distribute anabolic steroids and disclosure of wire communications. Both allegations are based on Mr. Hutchinson's contacts with Phillip McDonald, a confidential informant and alleged member of the outlaw motorcycle gang known as the Highwaymen Motorcycle Club.

Defendant Hutchinson moves for a bill of particulars as to Count I of a March 12, 2008 Indictment charging him with conspiracy to distribute anabolic steroids in violation of 21 U.S.C. § 846. Hutchinson requests that the government provide the following particulars: (1) the specific type of steroid involved in the conspiracy, whether oral, transdermal or by injection; (2) laboratory reports reflecting the presence of steroids; (3) what "McDonald's case" refers to; and (4) what "local law enforcement officials" Hutchinson allegedly contacted on McDonald's behalf.

"The purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or

minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976).

> It is well established that a motion for a bill of particulars lies within the discretion of the trial court. United States v. Barrett, 505 F.2d 1091, 1106 (7th Cir. 1974), cert. denied, 421 U.S. 964, 95 S.Ct. 1951, 44 L.Ed.2d 450 (1975); United States v. Cansler, 419 F.2d 952, 954 (7th Cir. 1969), cert. denied, 397 U.S. 1029, 90 S.Ct. 1278, 25 L.Ed.2d 540 (1970). The denial of such a motion is reviewable only as an abuse of discretion. United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979), cert. denied, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405. The test for whether a bill of particulars is necessary is "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." United States v. Roya, 574 F.2d 386, 391 (7th Cir. 1978), cert. denied, 439 U.S. 857, 99 S.Ct. 172, 58 L.Ed.2d 165.

United States v. Kendall, 665 F.2d 126, 134 (7th Cir. 1981), cert. denied, 455 U.S. 1021 (1982) (emphasis deleted) (cited with approval in United States v. Martin, No. 86-1663, 1987 WL 38036, **3 (6th Cir. July 14, 1987)). "[T]here is no requirement in conspiracy cases that the government disclose . . . all the overt acts in furtherance of the conspiracy." United States v. Atisha, 804 F.2d 920, 927 (6th Cir. 1986) (quoting United States v. Giese, 597 F.2d 1170, 1180 (9th Cir.), cert. denied, 444 U.S. 979 (1979)). "To the extent that the indictment or information itself provides details of the alleged offense, a bill of particulars is, of course, unnecessary." Giese, 597 F.2d at 1180 (quoting 8 Moore's Federal Practice P 7.06(1) at 7-31 n.1 (2d ed. 1978)).

The essential elements of a drug conspiracy charge are "an agreement between two or more individuals, with the intent to commit an offense in violation of the Controlled Substance Act." United States v. Crayton, 357 F.3d 560, 573 (6th Cir. 2004) (quoting United States v. Sullivan, 903 F.2d 1093, 1098 (7th Cir. 1990)), cert. denied, 124 S.Ct. 2857 (2004). "The drug conspiracy statute does not require proof of any overt acts."

United States v. Meyers, 102 F.3d 227, 235 (6th Cir. 1996) (citing United States v. Shabani, 115 S.Ct. 382, 383 (1994)). Count I alleges that Randell Hutchinson and Philip McDonald distributed anabolic steroids to each other, and to others both known and unknown to the grand jury, from 2005 to 2006. In addition, it is alleged Hutchinson used his position as a DEA task force officer to ensure that McDonald and others could avoid any prosecutions for the possession or sale of steroids, and to give advice on the means to detect law enforcement activity. Count I sufficiently sets forth the elements of the § 846 drug conspiracy charge and, in addition, apprises Randell Hutchinson that he is accused of helping others avoid prosecutions for the possession or sale of steroids and giving advice on the means of detecting law enforcement activity in furtherance of the conspiracy. Kendall, 665 F.2d at 134; Crayton, 357 F.3d at 573. The Indictment was not required to disclose the specific type of steroid involved in the conspiracy, or provide lab reports identifying the substance as steroids. Moreover, the phrases "McDonald's case" and "local law enforcement officials" are sufficiently described in the indictment. This is not a situation where the Indictment fails to provide "a shred of detail." Compare United States v. Barnes 155 F.3d 662 (2nd Cir. 1998) (referring to United States v. Ramirez, 602 F. Supp. 783, 793 (S.D.N.Y. 1985)).

A bill of particulars is not a device to be used by the defendant to acquire detailed disclosure of all evidence before trial. Rosenthal, 793 F.2d at 1127; United States v. Ridley, 199 F.Supp.2d 704, 708 (S.D. Ohio 2001) (quoting United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993)). In that the Indictment sets forth the elements of the drug conspiracy charge and apprises Randell Hutchinson of the charge sufficient enough to enable him to prepare for trial, Hutchinson's dissatisfaction with the discovery he has received to date does not warrant a bill of particulars.

3

Hutchinson further moves for an order directing the government to provide various discovery, pursuant to Rule 16 of the Federal Rules of Criminal Procedure; the Jencks Act, 18 U.S.C. § 3500; Rule 404(b) of the Federal Rules of Evidence; and exculpatory evidence, or Brady material. The government has responded that it is aware of, and will comply with, its discovery obligations in this case; the government will provide all witness information, including expert witnesses, backgrounds, criminal histories, as required by rule and statute. At this point, the government states that it is not aware of any 404(b) evidence, but will notify defendant if any such evidence comes to light. The government proceeds to describe the categories of evidence it will provide relative to this case pursuant to its obligations under law. Accordingly,

Defendant Randell Hutchinson's motion for a bill of particulars is hereby DENIED, and defendant's motion for discovery is GRANTED in accordance with the Government's recognition of its duty to provide discovery in this case.

SO ORDERED.

Dated: November 19, 2008

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 19, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---